```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


SINGLETON ET AL.                          CIVIL ACTION

VERSUS                                    NO: 11-1199

CHEVRON USA, INC. ET AL.                  SECTION: "J" (5)
```

**ORDER AND REASONS**

Before the Court are **Defendant Valspar Corporation's Motion to Dismiss (Rec. Doc. 28)**, and **Plaintiff's Opposition (Rec. Doc. 33)**. The motion is before the Court on supporting memoranda, without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's Motion to Dismiss (Rec. Doc. 28) should be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

The Plaintiffs' claims arise from Mr. William Singleton's alleged exposure to products containing benzene during his several jobs held while working with a number of paints, thinners, and other substances.  Mr. Singleton worked at Evans Cooperage in Harvey, Louisiana in the 1950s, where he filled

1

drums from barges with benzene, naphtha, and liquid asphalt. He was a painter from 1990 through 1997 at Avondale Shipyard and performed various tasks there, including painting and cleaning paint with benzene-containing products such as paints, solvents, primers, mineral spirits, and thinners. Mr. Singleton used Liquid Wrench from 1955 through 1978 while working on bikes, cars, lawnmowers, and scrap metal.

In 2009, Mr. Singleton was diagnosed with multiple myeloma. In April 2011, he learned that his illness could have been caused by his exposure to benzene-containing products. His exposure to benzene and benzene-containing products allegedly occurred daily over the course of his 42 years of work at various locations for various, unknown employers, while he labored as a painter, mechanic, construction worker, and drum filler.

On May 20, 2011, Plaintiffs filed a complaint (Rec. Doc. 1) against eight defendants, including Valspar. The complaint alleges causes of action for negligence, strict liability, and Louisiana Products Liability Act ("LPLA") claims, for damages associated with Mr. Singleton's contraction of myeloma. The complaint alleges that the defendants, including Valspar, are manufacturers who knew or should have known that exposure to benzene causes leukemia and other blood disorders, and that

Valspar failed to warn Mr. Singleton of the dangers of its benzene-containing products.  Defendant Valspar filed the instant motion to dismiss the complaint for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).

The issue is whether Plaintiffs have pled Mr. Singleton's personal injury claims with the requisite specificity demanded by Rule 8(a)(2), and relatedly, whether the complaint alleges facts sufficient to avoid dismissal under Rule 12(b)(6).

**THE PARTIES' ARGUMENTS:**

Defendant Valspar's main defense is that Plaintiffs have failed to meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), specifically as interpreted under U.S. Supreme Court precedent, i.e., Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009).  Defendant argues that Plaintiffs' complaint contains little more than generalities and conclusory allegations, and that therefore the complaint states no cause of action.  Specifically, Valspar argues that the complaint does not adequately specify which Valspar product, among the hundreds it manufactures, caused the alleged injury.  The only specific reference in Plaintiffs' complaint to Valspar products is that Mr. Singleton used "Valspar plastic primers, paints and thinners"

(Rec. Doc. 1, at 4, ¶ 7). Valspar also objects to the complaint's failure to specify where Mr. Singleton allegedly used Valspar products, and exactly when during the overarching 42-year-period of alleged exposure that such products were used.

In addition to labeling Plaintiffs' complaint as inadequate for failure to state the "what, when, and where" of Mr. Singleton's alleged benzene exposure, Defendant Valspar apparently argues that Plaintiffs have failed to meet the Rule 8 standard that requires facts that prove causation. Although acknowledging that the complaint does set out the hazards of benzene in causing myeloma, Valspar argues that the complaint utterly lacks any factual support to establish that the unidentified Valspar product contained benzene. It argues that it is unfathomable that Plaintiffs can assert that Valspar's product contained benzene, or that it lacked adequate warnings, because the complaint fails to even name the product that Mr. Singleton used. As to the negligence and strict liability claims, if Plaintiffs cannot allege the name of the Valspar product, there is no basis from which Plaintiffs can in good faith assert violation of a duty (in the case of negligence), or the defective or unreasonably dangerous nature of the product (in the case of strict liability). Further, Valspar states that the

LPLA requires, at a minimum, that the complaint identify the allegedly unreasonably dangerous product. This argument is based on the fact that the four elements of an LPLA cause of action all presuppose that the manufacturer made a certain product. See Creighton v. Fleetwood Enterprises, Inc., 2008 WL 1746953, *2-3 (E.D. La. 2008) (stating that the four elements are: (1) the defendant manufactured the product; (2) the damage was proximately caused by a characteristic of the product; (3) the product was unreasonably dangerous in one of the four ways provided for by the LPLA; and (4) the damage arose from a reasonably anticipated use of the product).

As a secondary matter, Valspar argues that its motion to dismiss should be granted as to the negligence and strict liability claims because the LPLA applies to Mr. Singleton's exposure to the benzene-containing products. The LPLA establishes the exclusive theory of liability for manufacturers for damage caused by their products. LA. REV. STAT. ANN. § 9:2800.52. Thus, Valspar cites a line of cases holding that independent claims such as Plaintiffs' claims in negligence and strict liability are barred to the extent that Valspar's potential liability is governed by the LPLA.

In opposition, Plaintiffs argue that their complaint

satisfies Rule 8(a)(2) in adequately setting forth a short and plain statement showing their entitlement to relief.  Initially, Plaintiffs argue that one of Defendant's cited cases (<u>Rojas v. Qualitest Pharms., Inc.</u>, 2011 WL 334671, *2 (E.D. La. 2011)) is inapplicable because the plaintiff in that case failed to oppose the motion to dismiss and to identify the manufacturer of the medication at issue.  However, Plaintiffs' main argument is that the factual details demanded by Defendant are more properly learned through the discovery process.  Plaintiffs argue that the complaint adequately states the factual information necessary to state a claim against Defendant Valspar, so as to avoid dismissal at this stage of the litigation.

As to whether claims in strict liability and negligence can coexist with LPLA claims, Plaintiffs point to the "significant exposure theory" that applies to long latency diseases such as myeloma, which states that the relevant events giving rise to such a disease are the repeated tortious exposures resulting in continuous, on-going damages.  Plaintiff cites Louisiana Supreme Court jurisprudence, which states that the LPLA applies prospectively only.  <u>Gilboy v. Amer. Tobacco Co.</u>, 582 So. 2d 1263, 1264-65 (La. 1991).  If the significant exposure occurred prior to the effective date of the LPLA, then pre-LPLA law

6

applies, which includes claims for negligence and strict liability. Plaintiff argues that prior to discovery, it is premature for the Court to decide when Mr. Singleton's alleged substantial exposure occurred, and therefore which body of law will apply to the resolution of Plaintiffs' claims.

In the alternative, Plaintiffs ask that if the Court grants the motion to dismiss, that they be afforded an opportunity to amend the complaint to include facts that the Court deems necessary.

**DISCUSSION:**

**A. Legal Standard**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  The court is not, however, bound to accept as true legal conclusions couched as factual allegations.  Iqbal, 129 S. Ct. at 1949-50.

**B. FACTUAL SUPPORT IN COMPLAINT**

Defendant Valspar contends that there is absolutely no factual support in Plaintiffs' complaint to establish the presence of benzene in any product that was used by Plaintiff and manufactured by Defendant.  Defendant contends that "the Complaint utterly lacks any factual support to establish that the unidentified Valspar product contained benzene" (Rec. Doc. 28-1, at 3).  Although Defendant is correct in its assertion that only allegations of fact–not mere threadbare legal conclusions–are to be considered in testing whether the complaint is well-pleaded, Defendant's description of Plaintiffs' complaint is inaccurate. Specifically, the complaint states that Plaintiff worked with a

number of benzene-containing products (Rec. Doc. 1, at 4, ¶ 6), and then in the immediately subsequent paragraph, states that the products used by Plaintiff included "Valspar plastic primers, paints and thinners" (Id. ¶ 7).  In a subsequent paragraph, Plaintiff's complaint alleges that the products used by Plaintiff included products "manufactured, supplied, distributed and sold by," among other defendants, Valspar (Id. ¶ 9).  Therefore, Plaintiff *has* made a factual allegation that the "unidentified Valspar product" contained benzene.

However, Valspar's primary supporting argument underlying its motion to dismiss seems to be that because the Plaintiff's complaint does not name the actual Valspar product that contained benzene that allegedly caused Plaintiff's myeloma, the complaint does not state a facially plausible claim.[1]  To the contrary, the Court finds that Plaintiffs' completon has adequately pled factual allegations that enable the claims to avoid dismissal under Rule 12(b)(6).  Plaintiffs have sufficiently plead enough facts to give Defendant Valspar fair notice of the claims against it.  The mere fact that Mr. Singleton does not yet point to a

---

[1] As to the LPLA claim, Valspar argues that in light of the elements necessary for recovery, it "must be" that Plaintiffs' complaint must, at a minimum, identify the product that allegedly caused Mr. Singleton's myeloma. The Court notes, in passing, that there is textually no such requirement in the LPLA.

specific Valspar product and specific dates of exposure does not make the claim implausible under Iqbal. At the pleading stage, a plaintiff is not expected, nor in most cases is he able, to articulate a claim's precise factual contours that may only later be elicited through discovery. The complaint alleges that Valspar manufactured certain plastic primers, paints and thinners. It need not further give "brand name" or other specific information pertaining to these products. Taken collectively, the allegations that Valspar manufactured certain classes of products, that these products contained benzene, that benzene causes myeloma, and that Valspar knew or should have known based on available industry research of the dangers of myeloma, taken collectively, allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 129 S. Ct. at 1949.

**C. Exclusivity of LPLA**

As to Defendant's argument that the strict liability and negligence claims should be dismissed, the Defendant is correct in its recitation of law, but somewhat incorrect in its application of that law to the facts of this case. Indeed, the LPLA by its own terms "establishes the exclusive theories of liability for manufacturers for damage caused by their products."

LA. REV. STAT. ANN. § 9:2800.52.  However, Plaintiffs validly point out that for pre-LPLA benzene exposure, pre-LPLA law governs, removing the bar to negligence and strict liability claims. Thus, the problem is not that Plaintiffs have selected the wrong law *temporally*, but that Plaintiffs' complaint does not allege which benzene exposures occurred through which products manufactured by which defendants at which times.  Thus, from the face of the complaint, it is impossible for the Court to discern, as to Valspar, whether Mr. Singleton's exposure occurred before or after the date of the LPLA's enactment.  However, Plaintiffs cannot be faulted for this lack of information.

The Court agrees with Plaintiffs that it is too early in the litigation to say that, on the one hand, the negligence and strict liability claims are foreclosed, or, on the other hand, that the LPLA is not governing law.  Prior to discovery, Plaintiffs cannot reasonably be expected to know exactly when any actual exposure to benzene-containing products occurred.  As previously noted, Mr. Singleton was potentially exposed to such products over the course of 42 years, including both pre- and post-LPLA enactment time periods.  After an adequate opportunity for discovery, it will become more apparent when any alleged

11

substantial exposure to Valspar's products occurred, and therefore, whether the LPLA will provide the exclusive source of any potential recovery.

Additionally, the Federal Rules allow a plaintiff to plead legal theories of recovery in the alternative. FED. R. CIV. P. 8(d)(2). Thus, Plaintiffs' complaint can be read as stating two theories in the alternative: (1) strict liability and negligence claims if substantial benzene exposure occurred prior to the LPLA's enactment; and (2) LPLA claims if such exposure occurred after the LPLA's enactment. Drawing all well-pleaded facts as true, and drawing all reasonable inferences in favor of Plaintiffs, the Court holds that the complaint overcomes the Rule 8 pleading hurdle and states a claim upon which relief can be granted.

For the foregoing reasons, **IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 28)** is **DENIED.**

New Orleans, Louisiana this 21st day of July, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE