UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SINGLETON ET AL.                                CIVIL ACTION

VERSUS                                          NO: 11-1199

CHEVRON USA, INC. ET AL.                        SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court are Defendants' Motion to Adopt Case Management Order ("CMO") Number 1 (Rec. Doc. 54), Plaintiff's opposition to same (Rec. Doc. 53), and Defendants' reply to Plaintiff's opposition (Rec. Doc. 63). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendants' Motion to Adopt CMO Number 1 (Rec. Doc. 54) should be DENIED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of alleged injury suffered by the decedent, William Singleton, due to his alleged exposure to

1

benzene-containing products over a 42-year period of time.[1]  Mr. Singleton's career involved work as a painter, mechanic, construction worker, and drum filler.  The complaint alleges that on July 31, 2009, Mr. Singleton received a confirmed diagnosis of multiple myeloma, and that he subsequently learned that this condition could have been caused by benzene exposure.  The complaint alleges that Defendants are responsible for Mr. Singleton's injury as manufacturers, distributors, sellers, and suppliers of benzene or benzene-containing products.  Defendants drafted a proposed CMO to exchange information through discovery.  They move that the Court adopt the CMO.  Plaintiff opposes the motion, the proposed CMO, and the proposed accompanying initial disclosure form.[2]

The proposed CMO ("Number 1") states that it is intended to be "Phase I" of discovery in this case.  "Phase I" would entail a defined period of product identification discovery that would be specific to each defendant.  The proposed CMO states that the parties agree to work together to propose further CMOs to address subsequent discovery phases.  The proposed CMO purports to

---

[1] The sole remaining plaintiff in this action is Mr. Singleton's wife, Nellie Mae Gabriel Singleton.  Mr. Singleton passed away during the pendency of this litigation.

[2] The Court's scheduling order stated that the parties were required to exchange their initial disclosures by November 29, 2011.  Rec. Doc. 66, at 1.

suspend the initial disclosure obligations under Rule 26 and, instead, to require Plaintiff to complete a "Plaintiff's Initial Disclosure" form drafted by Defendants. The proposed CMO states that the scope of Defendants' initial disclosures will be limited to the respective products and time periods identified in Plaintiff's Initial Disclosure. It further states that the scope of any fact discovery shall be limited to the products and exposure periods identified in Plaintiff's Initial Disclosures. Finally, it proposes the setting of a status conference and purports to preserve the joint defense privilege.

The Plaintiff's Initial Disclosure form requires the Plaintiff to provide information concerning (1) biographical data, (2) benzene exposure history, (3) employment information, and (4) treating physician information. The second item, exposure history, imposes the most significant initial disclosure obligation: *for each product* that allegedly caused injury, Plaintiff would have to disclose the product name; the product manufacturer; a description of the product; a description of the product's packaging; the approximate exposure date for each exposure; the location of each exposure; the duration of each exposure; and the names and contact information of witnesses who have knowledge about these alleged exposures. Relatedly, the

third item, "Employment Information," requires a listing of products used for each of Mr. Singleton's past employers.

## THE PARTIES' ARGUMENTS

Defendants argue that the proposed CMO will promote efficiency by requiring Plaintiff to provide basic factual information prior to the inception of further discovery. They argue that they currently do not know which of their products Mr. Singleton allegedly worked with or around and during what time periods his alleged exposures occurred. Therefore, they argue, they are unable to meaningfully identify witnesses, relevant documents, or applicable insurance policies under Rule 26. As a result, the proposed CMO is the appropriate solution; it will permit Plaintiff to use a single, concise disclosure rather than requiring her to answer eight duplicative sets of initial written discovery. The proposed CMO is necessary to focus discovery, where these eight defendants have marketed countless products in the decades encompassed within the complaint. Defendants assert that the information that Plaintiff would have to initially disclose on Plaintiff's Initial Disclosure form is the most basic information that is readily available to her. They also state that Plaintiff's counsel declined to meaningfully discuss

Defendants' suggested phased discovery approach that would streamline discovery.

Plaintiff opposes entry of the proposed CMO because she argues that it will place a more onerous burden on her than on Defendants and will reduce and delay Defendants' ordinary discovery obligations. She argues that Defendants' phased discovery approach is not necessary with a small number of parties and limited claims and improperly requires Plaintiff to prove her case before Defendants provide any initial disclosures or other discovery. Plaintiff argues that the Plaintiff's Initial Disclosure form exceeds the scope of Rule 26 initial disclosure requirements: the proposed disclosures would provide information useful to Defendants only, while Rule 26 only requires the identification of individuals and documents that would be useful to support the disclosing party's (Plaintiff's) claims and defenses. Further, the proposed initial disclosure form would result in an improperly narrow scope of discovery. The proposed CMO is alleged to be unfair because it would impose comprehensive disclosure requirements upon Plaintiff without imposing a similar obligation upon Defendants. Finally, Plaintiff argues that the proposed CMO is an attempt to impose a "*Lone Pine*" scheduling order, which would be improper in the case

at bar because it is not a mass tort case.

In reply, Defendants suggest that Plaintiff's response to a defined disclosure sheet would be less onerous than a response to eight sets of more exhaustive written discovery requests from eight defendants.  Defendants also point out that the proposed CMO expressly recognizes that additional discovery will occur, that they welcome a proposed "Defendant Disclosure Sheet" from Plaintiff, and that the proposed CMO seeks a status conference to set a discovery schedule with the benefit of the information gained.  Finally, Defendants assert that the proposed CMO is not a "*Lone Pine*" order because it only governs an initial discovery phase.

**DISCUSSION**

Rule 26 describes, among other things, initial disclosures, the parties' obligation to have an initial conference concerning a discovery plan, and general discovery.  FED. R. CIV. P. 26. Subsection (f)(2) requires the parties to confer in order to make arrangements for initial disclosures and to develop a proposed discovery plan.  The rule requires the parties to attempt in good faith to agree on the proposed discovery plan.  The Court need not decide for the sake of the instant motion whether the initial

conference was properly handled.  Plaintiff was not in bad faith for rejecting Defendants' proposed plan, for the reasons that follow.

The fatal problem with the proposed CMO is that, as Plaintiff persuasively argues, it seeks the impossible. Plaintiff would need the benefit of discovery to fill out the factual details demanded in the proposed initial disclosure form—which is chronologically backwards.  Indeed, in this Court's prior Order and Reasons that denied Defendant Valspar Corp.'s motion to dismiss for failure to state a claim, the Court recognized that the specific facts of particular products to which Plaintiff was allegedly exposed are best learned through the discovery process:

> The mere fact that Mr. Singleton does not yet point to a specific Valspar product and specific dates of exposure does not make the claim implausible under <u>Iqbal</u>.  At the pleading stage, a plaintiff is not expected, nor in most cases is he able, to articulate a claim's precise *factual contours that may only later be elicited through discovery.*

Rec. Doc. 34, at 9-10 (emphasis added).  This Court recognized that discovery is necessary for Plaintiff to be able to "point to" specific products and exposure dates.  That discovery has not occurred yet, and thus it is hardly fathomable how Plaintiff would be able to provide this information that would be required

of Plaintiff pursuant to the Plaintiff's Initial Disclosure form incorporated by the proposed CMO.

Plaintiff also persuasively argues that the proposed CMO improperly limits the scope of discovery. The proposed CMO requires Plaintiff to identify the products at issue, the time periods of exposure, and the location and duration of exposures. After Plaintiff would provide this information via an initial disclosure, Plaintiff would be limited to discovery concerning the products and time periods identified in the Plaintiff's initial disclosure. However, restricting discovery to the scope of exposure periods would be unduly limiting. Plaintiff may be entitled to the discovery of evidence of historical information predating exposure periods as to products marketed by Defendants because such evidence would be relevant to Defendants' knowledge of the dangers of benzene.

Finally, the proposed CMO would work an unfair result. It purports to place an onerous *initial disclosure* burden on Plaintiff and then restrict the scope of Plaintiff's *fact discovery* to whatever Plaintiff identified in her initial disclosure. However, the proposed CMO imposes no similar limitation on what Defendants may discover from Plaintiff. Rule 26(a)(1) states that initial disclosures must consist of—among

other things—the identities of individuals with discoverable information and the identification of relevant documents. However, the rule does not state that discovery is then limited to what was identified in these disclosures. Rather, "[u]nless otherwise limited by court order, the scope of discovery is . . . discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Thus, as a general rule, it is improper to limit the scope of discovery solely to what Plaintiff lists in her initial disclosure. The Court finds no reason in this case to deviate from the general rule. Any benefits of efficiency are outweighed by the danger of improper limitation of Plaintiff's ability to obtain discovery. Of course, this does not prevent the parties from developing an appropriate discovery plan.

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Adopt CMO Number 1 (Rec. Doc. 54) be and the same is hereby **DENIED**.

New Orleans, Louisiana this 28th day of December, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE